UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LANCE WALTERS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-354-JD-MGG |
| WEXFORD OF INDIANA LLC, et al., | |
| Defendants. | |

OPINION AND ORDER

Lance Walters, a prisoner without a lawyer, filed a motion for clarification (ECF 14) and a notice to the court (ECF 16) regarding this court's previous orders. *See* ECF 12 & ECF 13. He also filed a notice asking to stay the case pending a possible settlement. ECF 18. The court will address each in turn.

In his motion for clarification, Walters states that he would like to add additional parties and an additional claim to this lawsuit. He asks whether he may amend his complaint prior to screening.[1] Pursuant to Federal Rule of Civil Procedure 15(a)(1), Walters may amend his pleading once as a matter of course without leave of the court at this stage. While the court cannot provide legal advice on whether Walters *should* amend his complaint, in the interests of justice, this case will be stayed pending the filing of a potential amended complaint. If Walters chooses not to file an amended

---

[1] He also seeks clarification as to why the court did not provide him with a magistrate consent form. Typically, magistrate consent forms are not sent out until the case has been screened and the defendant(s) have entered an appearance.

complaint, he need only file a notice with the court stating he wishes to proceed with his original complaint.[2]

Separately, in his current notice to the court, Walters takes issue with the filing fee that was assessed when the court granted him leave to proceed in forma pauperis. He indicates that he does not have $5.00 to pay the initial partial filing fee because the "state pay I receive is completely taken to pay for other lawsuits. This court has forced me to pay more money and forced me to prosecute this case against my own will." ECF 16 at 1. He believes he is being "strong armed" to pay the filing fee, and he indicates that he is "not going to be forced to pay a filing fee to dismiss this either." *Id.* at 2. Of note, the $5.00 initial partial filing fee has since been paid. *See* ECF 17.

Because Walters objects to the order granting him leave to proceed in forma pauperis—and to the order denying his motion to dismiss as well—the court will construe the notice as a motion to reconsider. Reconsideration of an interlocutory order "is a matter of a district court's inherent power" and is "committed to a court's sound discretion." *Cima v. Wellpoint Health Networks, Inc.*, 250 F.R.D. 374, 386 (S.D. Ill. 2008) (citations omitted). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citation omitted); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (Granting a motion to reconsider is proper when "the Court has patently

---

[2] If such a notice is filed, the stay will be lifted, and the court will proceed to screen his original complaint.

misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.") (citation omitted).

> Here, as noted previously:
>
> Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Walters may dismiss this case voluntarily at this stage. However, such dismissal will not alter his obligation to pay the filing fee. Because Walters is a prisoner, he is subject to the requirements of 28 U.S.C. § 1915(b) and must pay the entire filing fee in accordance with the procedures set forth in that statute. *See* 28 U.S.C. § 1915(b). The fact that the court has only recently ruled on his motion to proceed in forma pauperis does not alter this obligation. *See Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997) ("[T]he filing of a complaint (or appeal) is the act that creates the obligation to pay fees, and what the judge does later does not relieve a litigant of this responsibility."). The court does not have authority to waive the fee or to modify the amount or timing of payments. *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998); *see also Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997). Therefore, the motion—as currently presented—will be denied.

ECF 13 at 1–2. The filing of the initial complaint triggered Walters's obligation to pay the filing fee, and the statute "forbids outright forgiveness of the obligation to pay [it]," regardless of whether the case is ultimately settled or dismissed. *See Butler v. Deal*, 794 Fed.Appx. 542, 544 (7th Cir. 2020) (citing *Maus v. Baker*, 729 F.3d 708, 709 (7th Cir. 2013)). Moreover, the fact that Walters owes filing fees for other cases does not relieve him of the obligation to pay the fee in this one. *See Bruce v. Samuels*, 577 U.S. 82, 87 (2016) ("§ 1915(b)(2) calls for simultaneous, not sequential, recoupment of multiple filing fees"). Finally, although Walters states that he is being forced to prosecute this

case, that is incorrect. His motion to dismiss was denied because Walters wished to dismiss the case "without penalty of filing fees." ECF 10. As noted previously, "now that he knows dismissing this case will not alter his obligation to pay the filing fee, if he still wishes to dismiss it, Walters may file a new [stipulation] without the fee condition attached." ECF 13 at 2. Accordingly, the motion to reconsider will be denied.

For these reasons, the court:

(1) GRANTS the motion for clarification to the extent described above (ECF 14);

(2) CONSTRUES the notice (ECF 16) as a motion to reconsider;

(3) DENIES the motion to reconsider (ECF 16); and

(4) STAYS this case pending the filing of either: (1) an amended complaint, (2) a notice that Lance Walters does not wish to amend his complaint, or (3) an unconditional stipulation of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

SO ORDERED on January 22, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT